IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUANG D. NGUYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-1102-D |
| ) | |
| LOUIS DeJOY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Before the Court is Plaintiff's motion to reconsider the Court's Order denying Plaintiff leave to file a reply out of time [Doc. No. 61]. Plaintiff has also filed a motion titled, "Motion for Leave to Reconsider Plaintiff's Reply to Oppose Defendant's Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint" [Doc. No. 62]. The Court construes the latter as a second motion to reconsider the Court's Order denying Plaintiff leave to file a reply out of time.

For the reasons stated in the Court's previous Order [Doc. No. 59], the Court denied Plaintiff leave to file a second amended complaint. Related to Plaintiff's motion for leave to file a second amended complaint, Plaintiff has filed: a motion for leave to file a reply out of time [Doc. No. 53], which the Court denied [Doc. No. 57]; an untimely reply filed without leave of Court [Doc. No. 55], which was stricken [Doc. No. 56]; a "Motion to Supplement Plaintiff's [Motion for Leave] with Exhibits and Evidence" [Doc. No. 58], which was denied [Doc. No. 60]; and the two present motions to reconsider [Doc. Nos. 61, 62].

1

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion to reconsider, however, "has dubious parameters," and "[m]any district courts vigorously disfavor these motions." *United States v. Cos*, 498 F.3d 1115, 1123 n.2 (10th Cir. 2007) (quoting Judge Wayne Alley's letter, in which he notes the "alarming practice and regularity with which motions to reconsider are filed after a decision unfavorable to a party's case").

The Court has reviewed Plaintiff's motions to reconsider, and neither filing provides a basis for the Court to reconsider its decision to deny Plaintiff leave to file a reply out of time. Further, even had the Court permitted Plaintiff to file a reply out of time, nothing in Plaintiff's proposed reply [Doc. No. 55] would have changed the Court's determination that Plaintiff's proposed second amended complaint, if allowed, would be futile. [Order, Doc. No. 59]. Plaintiff is needlessly delaying this litigation by filing repetitive (and lengthy) motions seeking reconsideration. In the future, Plaintiff should refrain from filing a motion to reconsider as an automatic reaction to an adverse ruling.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Leave to Reconsider Plaintiff's Motion to Permit Plaintiff to File His Reply to Defendant's Response Out of

Time" [Doc. No. 61] and "Motion for Leave to Reconsider Plaintiff's Reply to Oppose Defendant's Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint" [Doc. No. 62] are **DENIED**.

**IT IS FURTHER ORDERED** that, for any future motion to reconsider filed by Plaintiff, Defendant need not respond unless ordered by the Court.

**IT IS SO ORDERED** this 1st day of October, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge