IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUANG D. NGUYEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-1102-D |
| | ) |
| LOUIS DeJOY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Notice of Suspected Fraud Committed Upon the Court and Motion for a Stay of Proceedings [Doc. No. 67]. In it, Defendant discloses that Plaintiff has submitted false and fraudulent statements to the Court in support of his claims. Specifically, Defendant alleges that, for several of Plaintiff's witness statements, "the substantive content of the statements has often proven to be untrue or unknowable by the named witness" and "the named witnesses neither signed nor ratified the statements." [Doc. No. 67, at 1]. Defendant further notifies the Court that "some of these witnesses believe that their signature was photocopied from other documents and then applied to the purported witness's statement." *Id.* For these reasons, Defendant requests a 90-day stay of these proceedings, subject only to allowing Defendant to seek limited discovery as to fabricated and/or wrongfully obtained evidence in this case.

In his response [Doc. No. 69], Plaintiff contends that the witness statements attached to previous filings are truthful and that he "always keep[s] the original witness statement with the witness's original signature." [Doc. No. 69, at 1]. However, Plaintiff further

1

explains that he "never publicly shows or uses any of these witness statements," and that he "still preserves most of the original statements and declarations from [his] witnesses" and will present the originals to the Court as necessary. *Id.* at 2. These statements are enough to cast doubt on the authenticity of the witness statements that have already been filed by Plaintiff in this matter.

Defendant filed a reply in support of his motion for a stay of proceedings [Doc. No. 71]. In his reply, Defendant provides an example of one witness, Janice Pickup, who "flatly denies having any part in creating or signing two statements attributed to her and filed in this case, and who believes her signature was forged." *Id.* at 1. Defendant adds that this is not the only example of Plaintiff's purported witnesses denying either giving or ratifying statements attributed to them. *Id.*

Plaintiff has filed a sur-reply [Doc. No. 73], which is hereby **STRICKEN**. Pursuant to LCvR7.1(i), supplemental briefing such as sur-replies "may be filed only upon motion and leave of Court."

Although Plaintiff denies Defendant's allegations of fabricated and/or forged witness statements, at other times he seems to indicate that the witness statements at issue are not in the public record and that he will provide the Court with *original* witness statements at a later date. It is clear that Plaintiff does not appreciate the seriousness of Defendant's allegations related to the statements already filed in this matter. Courts have issued serious sanctions, such as dismissal, for far less serious offenses. Due to the gravity of Defendant's allegations, and because the Court believes it would be unfair for the parties to expend additional resources on Plaintiff's underlying claims before seeking discovery

2

into Plaintiff's alleged fraud on the Court, the Court will **GRANT** Defendant's motion for a 90-day stay of proceedings.

**IT IS THEREFORE ORDERED** that these proceedings are **STAYED** for a period of 90 days from the date of this Order, subject only to Defendant seeking limited discovery as to fabricated and/or wrongfully obtained evidence in this case. Plaintiff is directed to comply with discovery into this limited issue. Upon expiration of the stay, the parties may request that the Court issue a revised scheduling order for the unexpired scheduling order deadlines.

**IT IS FURTHER ORDERED** that Plaintiff's sur-reply [Doc. No. 73], filed without leave of Court, is **STRICKEN**.

**IT IS SO ORDERED** this 11th day of December, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge