IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUANG D. NGUYEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOUGLAS A. TULINO, )<br>)<br>Defendant. ) | Case No. CIV-22-1102-D |

## ORDER

Before the Court is Defendant's Motion for Sanctions with Brief in Support [Doc. No. 80], filed pursuant to FED. R. CIV. P. 11, 37, and 41. Defendant seeks an Order dismissing this action with prejudice as a sanction due to repeated failures by Plaintiff, Quang D. Nguyen, to fulfill his obligations as a litigant — to respond to written discovery requests, comply with prior Orders, and appear for a noticed deposition. Plaintiff, who appears *pro se* in this employment discrimination action, has further attempted to dismiss this action following Defendant's notice of Plaintiff's suspected fraud. [Doc. Nos. 67, 75].

Plaintiff has made no timely response to Defendant's motion; it is therefore deemed confessed. *See* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed."). Upon consideration of the Motion and the case record, and in exercising its discretion under LCvR7.1(g), the Court finds that the Motion should be deemed confessed and should be granted.

Rule 11(b)(3) requires parties to certify that all factual contentions made to the Court have evidentiary support or will likely have evidentiary support after further investigation

1

or discovery. FED. R. CIV. P. 11(b)(3). In this case, Plaintiff has provided numerous "Witness Statements" to the Court that purport to be authentic declarations. [Doc. No. 55-17, at 8; Doc. No. 12-12, at 1; Doc. No. 12-32, at 1; Doc. No. 12-2, at 1-2; Doc. No. 12-10, at 1].

However, Defendant has alleged that, for several of Plaintiff's witness statements, "the substantive content of the statements has often proven to be untrue or unknowable by the named witness" and the "named witnesses neither signed nor ratified the statements." [Doc. No. 67, at 1]. For this reason, the Court previously granted a 90-day stay, subject only to allowing Defendant to seek limited discovery as to fabricated and/or wrongfully obtained evidence in this case. [Doc. No. 74]. In that Order, the Court noted the seriousness of Defendant's allegations and directed Plaintiff to comply with discovery into the alleged fraud. [Doc. No. 74, at 2] ("Courts have issued serious sanctions, such as dismissal, for far less serious offenses.").

Despite the Court's directive, Defendant asserts that Plaintiff has since failed to respond to written discovery requests; failed to produce documents for inspection on January 10, 2025; and failed to appear for his noticed deposition on February 11, 2025. [Doc. No. 80, at 8-11]. As stated above, Plaintiff also failed to respond to Defendant's Motion for Sanctions [Doc. No. 80].

Plaintiff's refusal to participate in discovery is in violation of this Court's Order [Doc. No. 74]. Rule 37(b)(2)(A)(v) states that failure to "obey an order to provide or permit discovery" may be met with the Court's dismissal of the "action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). In weighing whether dismissal is appropriate over

2

lesser sanctions, the Court considers "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).

Dismissal is only appropriate when the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id*. (citing *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988)). Additionally, the Court should consider the feasibility of sanctions other than dismissal for *pro se* plaintiffs to prevent them from losing access to the courts for mere technical violations. *Id*. at 920 n.3.

Here, the aforementioned factors collectively favor dismissal. Plaintiff's non-compliance prejudices Defendant's ability to defend against Plaintiff's claims. Plaintiff has withheld information requested in discovery; withheld access to original copies of contested evidence; and failed to appear for his scheduled deposition. The judicial process is stymied by Plaintiff causing delays and demanding more judicial resources at public expense. Plaintiff's failure to comply is solely of his own volition despite this Court's written Order and clear warnings to the contrary. Despite numerous attempts by Defendant to facilitate Plaintiff's compliance with his discovery obligations, Plaintiff's repeated failures to comply militate against the imposition of lesser sanctions.[1]

---

[1] On this point, the Court notes that – in response to Defendant's allegations of fabricated witness statements and this Court's clear directive to comply with discovery into that issue – Plaintiff instead attempted to voluntarily dismiss his case after years of litigation. [Doc. No. 75]. Plaintiff's request was stricken from the record for failing to comply with FED. R. CIV. P. 41. [Doc. No. 76].

3

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions with Brief in Support [Doc. No. 80] is **GRANTED**, and the Court **DISMISSES** this action **WITH PREJUDICE**, pursuant to FED. R. CIV. P. 37(b)(2)(A)(v).

**IT IS SO ORDERED** this 28th day of May, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

Case 5:22-cv-01102-D    Document 81    Filed 05/28/25    Page 4 of 4

4