IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUANG D. NGUYEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-1102-D |
| DAVID P. STEINER[1], | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Before the Court is Defendant's Motion for Attorneys' Fees with Brief in Support [Doc. No. 87]. Plaintiff, appearing *pro se*, filed a response [Doc. No. 89], and Defendant replied [Doc. No. 90]. The matter is fully briefed and at issue.

During the course of this litigation, Defendant notified the Court that for several of Plaintiff's witness statements, "the substantive content of the statements ha[d] often proven to be untrue or unknowable by the named witness" and the "named witnesses neither signed nor ratified the statements." [Doc. No. 67, at 1]. For this reason, the Court previously granted a 90-day stay, subject only to allowing Defendant to seek limited discovery as to fabricated and/or wrongfully obtained evidence in this case. [Doc. No. 74]. In that Order, the Court noted the seriousness of Defendant's allegations and directed Plaintiff to comply with discovery into the alleged fraud. [Doc. No. 74, at 2] ("Courts have issued serious sanctions, such as dismissal, for far less serious offenses.").

---

[1] Pursuant to FED. R. CIV. P. 25(d), Mr. Steiner is automatically substituted as the proper party defendant.

1

Upon completion of the stay, Defendant filed his Motion for Sanctions [Doc. No. 80], contending that Plaintiff had failed to respond to written discovery requests into the suspected fraud on the Court, had failed to produce documents for inspection, and had failed to appear for his noticed deposition on February 11, 2025. *Id.* at 8-11. Plaintiff did not respond to Defendant's Motion for Sanctions [Doc. No. 80].

In its prior Order [Doc. No. 81], the Court deemed confessed the motion for sanctions and dismissed this action, pursuant to FED. R. CIV. P. 37(b)(2)(A)(v). Rule 37(b)(2) provides that a court may sanction a party for failing to obey an order to provide or permit discovery by, among other sanctions, "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Subsection (b)(2)(C) provides that "[i]nstead of or in addition to the [sanctions] above, the court must order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Before the Court is Defendant's Motion for Attorneys' Fees with Brief in Support [Doc. No. 87], in which Defendant requests attorney's fees based on the Court's Order finding that Plaintiff had failed to participate in discovery related to the suspected fraud and failed to appear for his noticed deposition.

In response, Plaintiff, appearing *pro se* throughout this litigation, contends that an award of attorney's fees would be unjust. The Court agrees. First, throughout the 90-day stay, Plaintiff repeatedly tried to dismiss his case with prejudice. Plaintiff first filed a Motion to Withdraw Civil Case Due to Severe Medical Condition [Doc. No. 75], which

2

was construed by the Court as an attempt to voluntarily dismiss his case pursuant to FED. R. CIV. P. 41(a)(1)(A) [Doc. No. 76]. Because Plaintiff did not obtain Defendant's signature on his filing, the Court struck Plaintiff's attempt to voluntarily dismiss his case. *Id.* Thereafter, in late January 2025, Plaintiff sent defense counsel a signed stipulation of dismissal [Doc. No. 89-3, at 1] and requested Defendant's signature. After defense counsel noted that any dismissal would need to be "with prejudice," Plaintiff then sent a signed stipulation of dismissal with prejudice [Doc. No. 89-5, at 1] on February 4, 2025. In that e-mail, Plaintiff told defense counsel that he had been gravely ill [Doc. No. 89-3, at 2].

On February 5, 2025, defense counsel declined to agree to the proposed stipulation of dismissal with prejudice, noting that significant resources had been expended on Plaintiff's action and that Defendant could not agree to dismissal until Plaintiff was deposed [Doc. No. 89-6, at 1]. Thereafter, Plaintiff failed to appear for his deposition on February 11, 2025, and he failed to respond to Defendant's Motion for Sanctions [Doc. No. 80].

Especially in light of Plaintiff's repeated attempts to dismiss his case with prejudice, which would have rendered it unnecessary for Defendant to depose Plaintiff and prepare the motion for sanctions seeking dismissal with prejudice, the Court will not additionally sanction him for those costs. Plaintiff represents to the Court that he tried to dismiss his case based on his poor health, and that his daughter had fallen into a coma (and later passed away), leaving Plaintiff to care for his grandchildren during the final stage of this litigation. Viewing Plaintiff's circumstances together, the Court declines to award attorney's fees in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Attorneys' Fees with Brief in Support [Doc. No. 87] is **DENIED**.

**IT IS SO ORDERED** this 10th day of February, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge